UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAMON JOSE VILLA MARTINEZ,

Petitioner,

v. Case No. 3:26-cv-2661-MMH-LLL

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner Ramon Jose Villa Martinez, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on October 2, 2026. Villa Martinez, a citizen of Venezuela, entered the United States on June 23, 2021. Doc. 6-1 at 5. He claimed a fear of returning to Venezuela. Id. at 7. On June 30, 2021, after spending approximately eight days in immigration detention, immigration officials released Villa Martinez on humanitarian parole. Id. at 9–10.

At some point, an asylum officer interviewed Villa Martinez and determined that Villa Martinez had a credible fear of persecution or torture if removed to Venezuela. Id. at 12. On September 23, 2026, the Department of Homeland Security (DHS) issued Villa Martinez a Notice to Appear for

removal proceedings under section 240 of the Immigration and Nationality Act. Id. The crux of Villa Martinez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). See Doc. 1 at 12–18. As relief, he seeks, inter alia, immediate release or a bond hearing. Id. at 24.

The Federal Respondents filed a Response (Doc. 6) arguing that Villa Martinez failed to exhaust his administrative remedies. Id. at 7–8. However, the Federal Respondents further assert that DHS is detaining Villa Martinez under 8 U.S.C. § 1225(b)(1)(B)(ii), which mandates that Villa Martinez be detained while his asylum petition is pending. Id. at 3–7.

The Court is satisfied administrative exhaustion of Villa Martinez's claims would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the Court finds that Villa Martinez is not properly detained under § 1225(b)(1)(B)(ii) as the Federal Respondents contend. Section 1225(b)(1) provides for expedited removal proceedings in the case of "arriving" aliens or aliens "described in clause (iii)." The latter category of aliens is defined as those

> who ha[ve] not been admitted or paroled into the United States, and who ha[ve] not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the

> United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

8 U.S.C. § 1225(b)(1)(A)(iii)(II).

Here, Villa Martinez does not qualify as an arriving alien. When DHS issued a notice to appear to Villa Martinez on September 23, 2026, Villa Martinez had been present in the United States for five years. Indeed, the United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026) (emphasis added). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Villa Martinez, who was detained for expedited removal proceedings years after his initial entry into the United States, Villa Martinez was not seeking entry at the border when he was re-detained. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA).

Also, Villa Martinez does not fall into the second category of aliens described in § 1225(b)(1). Villa Martinez was paroled into the United States in 2021. And, he had been continuously present in the United States for more

than two years when he was re-detained in 2026. Therefore, Villa Martinez's detention under § 1225(b)(1) is unlawful.

Accordingly, it is **ORDERED**:

1. Ramon Jose Villa Martinez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. Within **seven days** of this Order, Respondents shall either afford Villa Martinez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[1] If Respondents release Villa Martinez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 7) is **DENIED**. See, e.g., Fonseca, 2026 WL 1072778, *4–5.

[1] Considering the Federal Respondents' argument in the alternative, Villa Martinez is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/17
c:
Counsel of record